# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                              **Criminal Action No. 1:05CR99**

**ROBERT MICHAEL JUNKINS**
**a/k/a "MICK,"**

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 7th day of February, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Shawn Angus Morgan, Assistant United States Attorney, and also came the Defendant in person and by his attorney, Charles T. Berry.

Counsel for Defendant advised the Court that Defendant would enter a plea of Guilty to Count Two of the Indictment.

Counsel for the government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. During the Government's summarization, the Court questioned the Assistant United States Attorney relative to the meaning of the language contained in paragraph two (2) outlining the statutory penalties Defendant would subject himself to by entry of the proposed guilty plea. Based on the Court's questions, the Assistant United States

Attorney acknowledged an error in the language of paragraph two (2) and in the presence of the Defendant and his counsel amended paragraph two (2) which amendment was initialed by Defendant, his counsel and the Assistant United States Attorney prior to tender to the Court. Counsel for Defendant then stated that the summarization of the written plea agreement as amended was correct. Thereafter, the amended written plea agreement was ordered filed and made a part of the record in this case.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by

Defendant, Robert Michael Junkins, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement as amended. Defendant stated he understood the terms of the written plea agreement as amended and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Two of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of twenty (20) years; understood the maximum fine that could be imposed was $1,000,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated December 25, 2005, and signed by him on January 12, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement, and may in particular have concerns regarding the amount of drugs or the protected location aspect of case and may sentence him at the higher end of the guideline range or even up to the statutory maximum. Defendant stated that he understood.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about July 21, 2005, at or near Clarksburg, Harrison County, West Virginia, the defendant, aided and abetted by another individual, unlawfully, knowingly, and intentionally distributed a quantity of cocaine base, also known as "crack." The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 150 grams but less than 500 grams of cocaine base, some of which involved a protected location.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count Two of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Two of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct appeal rights as contained in the

written plea agreement, and determined he understood those rights and voluntarily gave them up under the conditions set as part of the written plea agreement. The undersigned inquired of both counsel regarding whether there was a waiver of collateral attack included in the written plea bargain agreement. After hearing counsel for both parties, the undersigned Magistrate Judge concludes that there is no agreement in the written plea bargain agreement that Defendant waived his right to collaterally attack his sentence pursuant to 28 U.S.C. §2255.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Two of the Indictment, including the elements the United States would have to prove at trial, charging him with aiding and abetting another person in unlawfully, knowingly, and intentionally distributing a quantity of cocaine base, also known as "crack," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Sgt. Bob Cook of the Clarksburg Police Department and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count Two of the Indictment. Sgt. Cook testified he was assigned to the Harrison County Drug Task Force. He was involved in an investigation of Defendant and others involving distribution of crack cocaine. On July 21, 2005, a confidential informant spoke with John Harlow, a defendant in another federal drug case pending before this court, and set up a deal to buy crack cocaine. A controlled buy was made by the confidential informant from Harlow and Defendant. The transaction took place in the Lowe's parking lot in the Newpoint Plaza in Clarksburg, Harrison County, West Virginia, within the Northern District of West Virginia. The

drugs were sent to the West Virginia State Police Laboratory for testing, where they were confirmed to be 1.04 grams of crack cocaine. The controlled buy was recorded by both audio and video methods. Mr. Harlow has already pled guilty in federal court to aiding and abetting in the distribution of crack cocaine regarding the same transaction.

Thereupon, Defendant, Robert Michael Junkins, with the consent of his counsel, Charles T. Berry, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

The Defendant then testified he believed he was guilty of the crime charged in Count Two of the Indictment because he distributed an amount of crack cocaine to another individual in the Lowe's parking lot on Bridgeport Hill in Harrison County.

From the testimony of Sgt. Cook, the undersigned Magistrate Judge concludes the offense charged in Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Two of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

Defendant is continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 8th day of February, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE